IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA SPRINGMEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:21-cv-4427 |
| vs. | ) |
| | ) |
| LANDRY'S MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) JURY DEMAND |

**COMPLAINT**

**NOW COMES** Plaintiff, AMANDA SPRINGMEIER, by and through her attorney, Sam Sedaei of the Law Offices of GOLDMAN & EHRLICH, and as her Complaint against Defendant, LANDRY'S MANAGEMENT, INC., states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. This is an action for discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.*

3. Venue is proper because Plaintiff resides within the Northern District of Illinois, and the acts giving rise to this action occurred within the Northern District of Illinois.

4. Plaintiff AMANDA SPRINGMEIER, is a resident of Illinois. She was employed by Defendant at all times.

5. Defendant LANDRY'S MANAGEMENT, INC. ("Landry's") is a corporation organized under the laws of the state of Texas. Landry's operates several restaurants in the State of Illinois, including Del Frisco's Restaurant Group.

**Facts**

6. Plaintiff was a Regional Director of Operations for Landry's at all relevant times. She worked for Morton's Steakhouse ("Morton's") from 2001 to 2012. Landry's purchased Morton's in 2010. Plaintiff worked for Del Frisco's Restaurant Group—which was also subsequently purchased by Landry's—from 2012 until her termination in January, 2020.

7. Plaintiff had no performance issues throughout the course of her employment with Landry's. She had received several commendations for best profitability, best general manager, and highest gross earnings. She had also received merit-based salary increases every year.

8. In November, 2019, she had to take a medical leave of absence in order to undergo treatment at Alexian Brothers Hospital. She disclosed information pertaining to her condition to Landry's as part of the process of requesting leave under the Family and Medical Leave Act.

9. Plaintiff subsequently took three weeks off work, but then came back to work without taking any FMLA Leave. It was indicated on the FMLA paperwork submitted to Landry's that Plaintiff suffered from depression, panic disorder, and obsessive-compulsive disorder.

10. On January 15, 2020, Landry's's HR representative, Laura Jasso ("Jasso") called Plaintiff. Brand President Jason Miranda ("Miranda"), and COO Keith Beitler ("Beitler") were also on the call. They raised several issues on the call, including one that related to a software called "Webex," a SaaS (software as a service) provider that generates conference call numbers and links to share screens for teleconferencing. Plaintiff responded to all of them. Beitler mounted an incomprehensible accusation against Plaintiff, claiming that she had obtained her own number or link relating to that software by supposedly "hacking" into it. The accusation made no sense based on how the software worked. Landry's's representatives also accused Plaintiff of letting her team of General Managers purposely listen in on Leadership conference calls.

2

11. At the end of the January 15, 2020 call, Plaintiff was told that she was being suspended with pay, pending an investigation into the overlapping calls issue. Plaintiff was further instructed to have absolutely no contact with anyone working for Landry's.

12. Following the January 15, 2020 call, Plaintiff sent screenshots to all three Landry's representatives to show that what she had stated about the leadership conference calls issue was accurate.

13. On January 20, 2020, Jasso and Miranda called Plaintiff and told her that she was being terminated, effective immediately, due to insubordination. Jasso again did not raise any performance issues, and did not want to discuss the issues discussed on January 15, 2020.

14. Landry's's proffered reasons for Plaintiff's termination were a pretext for discrimination on the basis of a disability in violation of Americans with Disabilities Act.

15. On or about January 20, 2020, Plaintiff filed a charge of discrimination under the ADA with the Equal Employment Opportunity Commission ("EEOC").

16. On June 15, 2021, the EEOC issued a right to sue letter.

## COUNT I - AMERICANS WITH DISABILITIES ACT

17. During her employment with Defendant, Plaintiff was disabled within the meaning of ADA. Her disabilities affected and limited her ability to perform major life activities. Defendant was aware of Plaintiff's disabilities.

18. Plaintiff was able to perform the essential functions of her position with or without accommodation.

19. Plaintiff satisfied Defendant's legitimate business expectations.

20. Nevertheless, shortly after learning that Plaintiff had a disability, Defendant terminated Plaintiff's employment.

21. Defendant took these actions against Plaintiff because of her disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

3

22. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits, entitling her to an award of backpay.

23. In addition, Plaintiff has suffered mental anguish and emotional distress and is therefore entitled to an award of compensatory damages.

24. Defendant acted with knowledge that its actions may have violated federal law, and the employees who discriminated against Plaintiff were managerial agents acting within the scope of their employment, entitling Plaintiff to an award of punitive damages.

25. Plaintiff is also entitled to reasonable attorney's fees and her costs of suit.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant and the following relief:

A. Backpay and any negative tax consequences resulting from a lump sum payment;

B. Compensatory damages and punitive damages;

C. Reasonable attorney's fees and costs of suit; and

D. Any other and further relief as this Court deems just.

Dated: August 19, 2021

*Respectfully submitted,*

*/s/ Sam Sedaei*
Sam Sedaei of the Law Offices of Goldman & Ehrlich, Chtd., as attorney for Plaintiff
AMANDA SPRINGMEIER

Sam Sedaei
Goldman & Ehrlich, Chtd.
10 South LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 332-6733
Sam@GoldmanEhrlich.com